**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| BOBBY JONES, )<br>)<br>    Plaintiff, )<br>) <br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>    *Serve:* )<br>    Jeffrey B. Jensen )<br>    U.S. Attorney )<br>    Thomas Eagleton U.S. Courthouse )<br>    111 S. 10th Street, 20th Floor )<br>    St. Louis, MO 63102 )<br>)<br>    *Serve:* )<br>    William Barr )<br>    U.S. Attorney General )<br>    U.S. Department of Justice )<br>    950 Pennsylvania Ave. N.W. )<br>    Room: B-103 )<br>    Washington, D.C., 20530-0001 )<br>)<br>    Defendant. ) | Cause No.: 4:20-cv-00798 |

## **COMPLAINT**

COMES NOW Plaintiff Bobby Jones, by and through his attorneys, and for his Complaint against Defendant United States of America, pleads and states as follows:

1. This action is brought pursuant to 42 U.S.C. §233, known as the "Public Health Services Act" and 28 U.S.C. §1346(b), commonly known as the Federal Torts Claims Act and pursuant to this Court's pendant jurisdiction; the plaintiff resides in the above judicial district and the omissions complained of occurred in said judicial district.

2. Plaintiff Bobby Jones is a resident of the state of Missouri.

1

3. Plaintiff Bobby Jones, at all times relevant, received healthcare from Dr. Alison Matsunaga and Dr. Mary Yu. At all times relevant, Dr. Matsunaga and Dr. Yu were acting in the course and scope of their agency and/or employment with the St. Louis VA Medical Center- John Cochran Division, a federally funded healthcare facility; accordingly, Plaintiff brings this cause of action pursuant to 28 U.S.C. §71 et seq., the Federal Torts Claims Act.

4. The medical care complained of in this Complaint occurred on or about May 10, 2019; Plaintiff presented his claim against the United States of America, in writing, to the Department of Veterans Affairs in Akron, Ohio, the Department of Veteran's Affairs in St. Louis, and the Department of Health and Human Services on December 9, 2019. Said claim was received by the United States of America on or about on December 10, 2019.

5. More than six months has lapsed since Plaintiff presented his claim to the appropriate agency, and no action has been taken, nor has the claim been disposed; therefore, all administrative remedies have been timely filed, pursued and exhausted pursuant to 28 U.S.C. §26.71 – 26.75.

6. Dr. Mary Yu, Dr. Alison Matsunaga, and the St. Louis VA Medical Center- John Cochran Division held themselves out as professional health care providers with specialized expertise in all aspects of medical, surgical, hospital and nursing care; upon information and belief, and at all pertinent times herein, Dr. Yu and Dr. Matsunaga were acting within the scope of their employment with, *inter alia*, the St. Louis VA Medical Center- John Cochran Division and the United States of America.

7. Alison Matsunaga, M.D. is, and was at all relevant times, a physician licensed to practice medicine in the state of Missouri in the field of emergency medicine.

2

8. Mary Yu, M.D. is, and was at all relevant times, a physician licensed to practice medicine in the state of Missouri in the field of emergency medicine.

9. Bobby Jones presented to the Emergency Department of the St. Louis VA Medical Center- John Cochran Division on May 10, 2019, complaining of a wood splinter in the left foot.

10. Plaintiff reported that he had stepped on a toothpick the previous night and "part of it fell out of his foot but he feels that there still is a piece in there."

11. At the time he presented to the ED, Plaintiff had a history of medical problems including hypertension, coronary artery disease, chronic obstructive pulmonary disease, chronic hepatitis C, peripheral vascular disease, and peripheral nerve disease.

12. At the time he presented to the ED, Plaintiff complained of pain which was 8/10 in severity, sharp, and constant, with intermittent worsening if he put pressure on the foot.

13. On examination by Dr. Matsunaga, she noted that Mr. Jones had a "small puncture wound" on the ball of his foot between his first and second toes, and found no foreign bodies protruding from the wound.

14. Mr. Jones' white blood cell count was measured and found to be elevated at 17.1 with an increase in the number of neutrophils (known as a left shift).

15. An x-ray was performed of Mr. Jones' left foot, and the impression included "no soft tissue swelling, radiopaque foreign body or abnormal calcification."

16. Mr. Jones' wound was cleaned and dressed with Polysporin and a Band-Aid and he was given a TDaP vaccination.

17. Mr. Jones was discharged home.

18. At the time Mr. Jones was discharged home, he had a 3.9 x 0.2 cm broken wooden toothpick lodged in his foot.

19. On May 16, 2019, Mr. Jones returned to the Emergency Department at the St. Louis VA Medical Center- John Cochran Division with complaints of persistent pain on the plantar surface of the left foot.

20. On May 16, 2019, Mr. Jones underwent an ultrasound of the left foot to rule out a foreign body. The ultrasound of the left foot revealed "a linear echogenicity seen in the soft tissue plate on the plantar aspect of the foot between the first and second digit."

21. Once the physicians determined Mr. Jones had a foreign body in his foot, he was admitted to the hospital, started on multiple IV antibiotics, and vascular surgery was consulted.

22. Mr. Jones underwent surgical incision and drainage of the left plantar foot abscess and removal of foreign body on May 17, 2019.

23. Despite aggressive treatment, on May 20, 2019, Mr. Jones underwent a left lower extremity guillotine below-knee amputation.

## COUNT I

## MEDICAL NEGLIGENCE- BOBBY JONES V. U.S.A.

COMES NOW Plaintiff Bobby Jones, and for Count I of this Complaint against the United States of America, pleads and states as follows:

24. Plaintiff hereby incorporates paragraphs 1-23 as though fully set forth herein.

25. At all times relevant, Dr. Alison Matsunaga was under a duty to exercise that degree of skill and learning ordinarily exercised by members of her profession acting under the same or similar circumstances. Defendant, by and through said employee, Dr. Alison Matsunaga, breached said duty in one or more of the following particulars:

    a) Negligently and carelessly failed to recognize that wooden foreign bodies are often missed on plain film x-rays;

      b)     Negligently and carelessly failed to order an ultrasound of Mr. Jones' left foot;

      c)     Negligently and carelessly failed to recognize the significance of leaving a foreign body in the foot of a patient like Mr. Jones with known peripheral vascular disease and peripheral nerve disease;

      d)     Negligently and careless failed to recognize the significance of an 8/10 pain score in a patient like Mr. Jones with known peripheral vascular disease and peripheral nerve disease;

      e)     Negligently and carelessly failed to recognize the significance of the CBC on Mr. Jones which showed a significantly elevated white blood cell count with a pronounced left shift;

      f)     Negligently and carelessly failed to order appropriate antibiotics for Mr. Jones;

      g)     Negligently and careless failed to locate and remove the foreign body from Mr. Jones' left foot;

      h)     Negligently and carelessly failed to consult vascular surgery on Mr. Jones;

      i)     Negligently and carelessly failed to admit Mr. Jones to the hospital for appropriate interventions and treatment.

26.     At all times relevant Dr. Mary Yu was under a duty to exercise that degree of skill and learning ordinarily exercised by members of her profession acting under the same or similar circumstances. Defendant, by and through said employee, Dr. Mary Yu, breached said duty in one or more of the following particulars:

    a)    Negligently and carelessly failed to recognize that wooden foreign bodies are often missed on plain film x-rays;

    b)    Negligently and carelessly failed to order an ultrasound of Mr. Jones' left foot;

    c)    Negligently and carelessly failed to recognize the significance of leaving a foreign body in the foot of a patient like Mr. Jones with known peripheral vascular disease and peripheral nerve disease;

    d)    Negligently and careless failed to recognize the significance of an 8/10 pain score in a patient like Mr. Jones with known peripheral vascular disease and peripheral nerve disease;

    e)    Negligently and carelessly failed to recognize the significance of the CBC on Mr. Jones which showed a significantly elevated white blood cell count with a pronounced left shift;

    f)    Negligently and carelessly failed to order appropriate antibiotics for Mr. Jones;

    g)    Negligently and careless failed to locate and remove the foreign body from Mr. Jones' left foot;

    h)    Negligently and carelessly failed to consult vascular surgery on Mr. Jones;

    i)    Negligently and carelessly failed to admit Mr. Jones to the hospital for appropriate interventions and treatment.

27.    As a direct and proximate result of one or more of the foregoing acts and/or omissions of negligence on the part of Defendant, Bobby Jones was caused to suffer an amputation of his left leg. Said injuries and damages are serious, painful, permanent and progressive injuries;

furthermore, Bobby Jones was caused to undergo extensive surgical procedures, physical therapy, and rehabilitative services resulting in medical expenses and bills and will continue to undergo said treatments and therapies in the future and the incurring of such medical expenses into the future.

28. As a direct and proximate result of the carelessness and negligence of the United States of America, by and through its agents and employees, Bobby Jones' ability to enjoy the ordinary pursuits of life has been greatly diminished.

29. As a direct and proximate result of the carelessness and negligence of the United States of America, by and through its agents and employees, Bobby Jones will be required to purchase and use a leg prosthetic and other adaptive equipment; he will require physical therapy; he will require assistance in activities of daily living.

30. As a direct and proximate result of the carelessness and negligence of the United States of America, by and through the St. Louis VA Medical Center- John Cochran Division, and by and through its employees, Dr. Mary Yu and Dr. Alison Matsunaga, Bobby Jones has sustained damages in the of sum of ten million dollars.

31. A copy of counsel's affidavit as required by Mo. Rev. Stat. §538.225 is attached hereto and incorporated by reference.

WHEREFORE, Plaintiff prays this Honorable Court for judgment in favor of Bobby Jones and against the United States of America in a sum just, reasonable and adequate to compensate Bobby Jones for his injuries and damages in the sum of ten million dollars, for costs and expenses incurred herein and for such other and further relief as this Court deems just and proper.

## CONSTITUTIONAL CHALLENGE

COMES NOW Plaintiff and for his Constitutional Challenge and at this earliest opportunity states as follows:

32. Plaintiff realleges and incorporates by reference Paragraphs 1 through 31 as though fully set forth herein.

33. House Bill 393 and Senate Bill 239 violate the requirements in Article III, Section 23 of the Missouri Constitution that a bill have only a single subject and that the subject be clearly expressed in its title. The title of HB393 and Senate Bill 239 purport to repeal various statutes and enact in lieu thereof twenty-three new sections *relating to claims for damages and the payment thereof.* This title is unconstitutionally under-inclusive because the bill addresses multiple subjects and because some of the provisions enacted under the bill relate to claims other than claims for damages.

34. Senate Bill 239 improperly purports to create a new cause of action for medical malpractice, despite claims of medical malpractice being an inviolate right under the common law of Missouri, as part of the original Constitution when this State came into being.

35. In limiting the amount of non-economic damages a plaintiff in a medical negligence case may recover from a jury, R.S. Mo. §§ 538.205, 538.210, and 538.215 violate:

      a. the guarantee of equal protection set forth in Art. I, § 2 of the Missouri Constitution by treating medical negligence plaintiffs differently than other negligence plaintiffs without a rational basis for doing so;

      b. Art. I, § 10 of the Missouri Constitution by depriving medical negligence plaintiffs of due process of law without a rational basis that furthers a legitimate state interest;

      c. the guarantee of open courts and certain remedies set forth in Art. I, § 14 of the Missouri Constitution by denying medical negligence plaintiffs free and

       open access to Missouri's courts of justice and a certain remedy afforded for every injury;

   d.   the right to trial by jury set forth in Art. I, 22(a) of the Missouri Constitution.

   e.   the separation of powers, established by Article II, Section 1 of the Missouri Constitution because the legislature has exercised a power properly belonging to the judicial department, namely, the judgment regarding the proper amount of damages in any given case;

   f.   the prohibition against special laws granting to any corporation, association or individual any special or exclusive right, privilege or immunity, established by Article III, Section 40(28) of the Missouri Constitution in that these laws grant an immunity to certain corporations, associations or individuals in the health care industry which is not otherwise extended to corporations, associations or individuals in other industries;

   g.   the guarantee of due process of law set forth in Art. I, § 2 of the United States Constitution without a rational basis that furthers a legitimate interest;

   h.   the guarantee of equal protection set forth in the United States Constitution by treating medical negligence plaintiffs differently than other negligence plaintiffs without a rational basis for doing so; and/or

   i.   the right to trial by jury set forth in the Seventh Amendment to the federal Constitution.

36.   In failing to provide a reasonable index for inflation on the limits for non-economic damages, R.S. Mo. §§ 538.205, 538.210, and 538.215 violate:

9

    a.    the guarantee of equal protection set forth in Art. I, § 2 of the Missouri Constitution by treating medical negligence plaintiffs differently than other negligence plaintiffs without a rational basis for doing so.

    b.    Art. I, § 10 of the Missouri Constitution by depriving medical negligence plaintiffs of due process of law without a rational basis that furthers a legitimate state interest.

    c.    the guarantee of open courts and certain remedies set forth in Art. I, § 14 of the Missouri Constitution by denying medical negligence plaintiffs free and open access to Missouri's courts of justice and a certain remedy afforded for every injury.

    d.    the right to trial by jury set forth in Art. I, 22(a) of the Missouri Constitution.

    e.    Art. I, § 26 of the Missouri Constitution by taking private property without just compensation.

37. R.S. Mo. §§ 538.205, 538.210, and 538.215 violate substantive due process inasmuch as the legislature is substituting its judgment regarding the amount of compensation due to a plaintiff without any consideration of (1) the nature of the injury; (2) the severity of the injury; (3) the wrongfulness of the defendant's conduct ; or (4) the impact of the injury on the plaintiff's ability to enjoy life and liberty; and by so doing the above statutory cites deny the medical malpractice plaintiff a cognizable liberty interest by infringing on the constitutionally guaranteed right to have damages determined by a jury with respect to the award of non-economic damages.

38. Section 538.225 of the Revised Statutes of Missouri, which requires Plaintiff's counsel to submit an affidavit stating that counsel has obtained the written opinion of a legally qualified health care provider that each defendant had breached the applicable standard of care,

purports to limit the definition of "legally qualified health care provider" to those who either are practicing or have recently practiced the same specialty as the Defendant, and purports to require the court to dismiss the action if either Plaintiff's counsel fails to submit said affidavit or, after in camera review of the written opinion, the court determines that there is not probable cause to believe that a qualified and competent health care provider will testify that the decedent was injured due to medical negligence by Defendants, violates:

    a.    Plaintiff's right to open courts and a certain remedy for every injury, guaranteed by Article I, Section 14 of the Missouri Constitution;

    b.    Plaintiff's right to trial by jury, guaranteed by Article I, Section 22(a) of the Missouri Constitution;

    c.    The separation of powers, established by Article II, Section 1 of the Missouri Constitution;

    d.    The requirement that any law amending or annulling a Supreme Court rule of practice, procedure, or pleading be limited to that purpose, established by Article V, Section 5 of the Missouri Constitution; and

    e.    Places on the Plaintiff an evidentiary burden in the filing of this action greater than required to meet Plaintiff's burden of proof at trial.

39.    Section 408.040 of the Revised Statutes of Missouri, which purports to establish different rates for calculation of post-judgment interest in tort and non-tort actions, as well as different rates for the calculation of pre- and post-judgment interest in tort actions, violates Plaintiff's right to equal protection of the law, guaranteed by Article I, Section 2 of the Missouri Constitution.

40. Section 538.300 of the Revised Statutes of Missouri, which purports to exempt tort claims against health care providers from the statutory requirements for payment of pre- and post-judgment interest set forth in Section 408.040 of the Revised Statutes of Missouri, violates Plaintiff's right to equal protection of the law, guaranteed by Article I, Section 2 of the Missouri Constitution, by treating medical negligence plaintiffs differently than other negligence plaintiffs without a rational basis for doing so, and which amounts to a government taking of a property interest in a court judgment, and further violates the prohibition against special laws granting to any corporation, association, or individual any special or exclusive right, privilege or immunity, established by Article III, Section 40(28) of the Missouri Constitution.

41. In requiring that future damages be paid in whole or in part in periodic or installment payments if the total award of damages in the action exceeds one hundred thousand dollars, R.S.Mo. § 538.220 violates the guarantee of equal protection set forth in Art. I, § 2 of the Missouri Constitution by treating medical negligence plaintiffs differently than other negligence plaintiffs without a rational basis for doing so, and which amounts to a government taking of a property interest in a court judgment since R.S.Mo. § 538.215 already requires a jury to put future damages at present value.

42. In failing to provide a reasonable index for inflation on periodic payments for future damages, R.S.Mo. § 538.220 violates Art. I, § 10 of the Missouri Constitution by depriving medical negligence plaintiffs of due process of law without a rational basis that furthers a legitimate state interest.

43. In failing to provide a reasonable index for inflation on periodic payments for future damages, R.S.Mo. § 538.220 violates the guarantee of due process of law set forth in Art. I, § 2 of the United States Constitution without a rational basis that furthers a legitimate interest.

44. Section 490.715 R.S.Mo., which purports to transfer from the jury to the court the authority to determine the value of medical treatment rendered to Decedent, violates the Plaintiff's right to trial by jury as guaranteed by Article I, Section 22(a) of the Missouri Constitution, because the right to trial by jury as provided for in the Constitution includes the right to have a jury determine all of Plaintiff's damages without interference by the legislature.

45. Section 537.067 R.S.Mo., which purports to eliminate joint and several liability of tortfeasors who are found to bear less than fifty-one percent (51%) of the fault for Plaintiff's injuries, and to prohibit any party from disclosing the impact of this provision to the jury, violates:

    a. Plaintiff's right to due process of law, guaranteed by Article 1, Section 10 of the Missouri Constitution, because it may unreasonably deprive Plaintiff of full compensation for their injuries; and

    b. Plaintiff's right to a certain remedy for every injury, guaranteed by Article I, Section 14 of the Missouri Constitution, because the statute fails to provide a reasonable substitute for the damages denied to plaintiff under the statute.

WHEREFORE Plaintiff prays this Honorable Court for judgment in favor of Plaintiff and against the United States of America in a sum just, reasonable and adequate to compensate Plaintiff for his damages in the sum of ten million dollars, for costs and expenses incurred herein, and for such other and further relief as this Court deems just and proper.

**ZEVAN DAVIDSON ROMAN LLC**

 /s/ Rachel L. Roman
David M. Zevan                # 42312
david@zdrlawfirm.com
Rachel L. Roman               # 58553
rachel@zdrlawfirm.com
Morgan C. Murphy              # 64545
morgan@zdrlawfirm.com
211 North Broadway, Suite 2675
St. Louis, MO 63102
(314) 588-7200 (Telephone)
(314) 588-7271 (Facsimile)
*Attorneys for Plaintiff*